United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30102

_____

SHAHRAM NAGHI,

Plaintiff - Appellee,

v.

EUROPE'S FINEST, INC., ET AL.,

Defendants,

CHARLES SHAW d/b/a MARDI GRAS TRADING,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana,
USDC No. 00-CV-2231

_____

Before SMITH, PRADO, and PICKERING, Circuit Judges.

PER CURIAM:[*]

On June 25, 2002, a jury found Charles Shaw liable for infringing Shahram Naghi's copyright on a design for a hemp leaf, Mardi Gras necklace. The district court entered judgment against Shaw and ordered him to pay Naghi $117,352 in fees and costs.

_____

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

Shaw appeals that judgment.

On appeal, Shaw seeks a new trial on the grounds that (1) the evidence was insufficient to support the jury verdict, (2) he should be allowed an opportunity to assert an estoppel defense, and (3) the district court's rulings were so prejudicial that he did not receive a fair trial. Shaw also asks this court to hold that the district court abused its discretion in awarding attorney's fees. We AFFIRM the judgment of the district court.

**Sufficiency of the Evidence**

Shaw first argues that the evidence was insufficient to support the finding that Naghi possessed a valid copyright. Because Shaw failed to properly renew his motion for judgment as a matter of law at the close of all evidence as required by FED. R. CIV. P. 50,[1] we review the sufficiency of the evidence for plain error only. *See Adames v. Perez*, 331 F.3d 508, 511 (5th Cir. 2003). Under the plain error standard, we may set aside the jury verdict and grant Shaw a new trial only if "the judgment works a manifest miscarriage of justice," examining "whether there is *any* evidence to support the jury's verdict." *Id.* at 511-12.

Shaw contends that Naghi's necklace design, which contained beads in the shape of hemp leaves, was not copyrightable under

---

[1]Notwithstanding Shaw's argument on appeal that his self-styled "Motion for Entry Into the Record" constituted a post-verdict motion for judgment as a matter of law, we conclude that he did not comply with the requirements and purposes of FED. R. CIV. P. 50.

the "merger doctrine." The merger doctrine provides that if an idea is capable of only one manner of expression, the idea and the expression "merge" and are exempted from copyright protection. *See Veeck v. Southern Bldg. Code Congress Int'l, Inc.*, 293 F.3d 791, 801 (5th Cir. 2002). Shaw argues that a hemp leaf, as a thing in nature, is capable of only one manner of expression, and, therefore, Naghi's necklace design was uncopyrightable.

An examination of the record reveals ample evidence to support the jury's finding that Naghi held a valid copyright over the necklace design. The evidence indicated that hemp leaf beads were capable of more than one mode of expression, and that Naghi's particular expression of them, within the context of the necklace as a whole, was unique. Further, because Shaw failed to argue at trial that the evidence was insufficient under the merger doctrine, the judgment was not manifestly unjust. Accordingly, we will not disturb the jury's verdict by granting a new trial.

**Estoppel**

Shaw also requests a new trial so that he may assert an estoppel defense against Naghi. Estoppel is an affirmative defense that is waived if not raised at trial and will not be considered for the first time on appeal. *See* FED. R. CIV. P. 8(c); *Henry v. First Nat'l Bank of Clarksdale*, 595 F.2d 291, 298

3

(5th Cir. 1979).

Shaw concedes that he did not raise an estoppel defense at trial. In addition, the record indicates that estoppel was not tried by implied consent, as permitted under FED. R. CIV. P. 15(b). Finally, we disagree with Shaw that refusal to allow him another opportunity to bring an estoppel defense will result in manifest injustice. Because Shaw could have raised the defense of estoppel at trial but he failed to do so, that defense was waived.

**Fair Trial**

Shaw next contends that he should be granted a new trial because the district court abused its discretion in making several discovery and evidentiary rulings, and that these errors caused Shaw to receive an unfair trial. In *Latiolas v. Whitley*, we held that a new trial may be necessary when, in the context of all the circumstances surrounding a trial, a party was substantially prejudiced by an accumulation of trial errors such that the trial was fundamentally unfair. 93 F.3d 205, 207, 210 (5th Cir. 1996). Because the record here suggests no such accumulation of errors, or that the trial was unfair or that Shaw was substantially prejudiced, a new trial is not warranted.

**Attorney's Fees Award**

Lastly, Shaw contends that the attorney's fees award was erroneous or excessive. We review the district court's

4

attorney's fees award for abuse of discretion. *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).

We conclude that the district court did not abuse its discretion in making the attorney's fees award. First, the court appropriately applied the factors set forth in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), and certain of those set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2] Further, the record supports the court's determination that attorney's fees were warranted under those factors. Although Shaw argued that attorney's fees should not be awarded because the litigation was so financially burdensome for him, he submitted no evidence in support of this argument. In addition, the court noted that Shaw had been found liable for copyright infringement in another case. Finally, although Shaw argues that award was excessive in light of the jury's finding that he was not a "willful infringer," attorney's fees awards are not statutorily conditioned upon a defendant's willfulness, bad faith, or unreasonableness. Hence, the district court was within its discretion in awarding attorney's fees to

---

[2]The factors articulated in *Fogerty*, all of which were addressed by the district court, are: (1) frivolousness; (2) motivation; (3) objective reasonableness (in the factual and legal components of the case); and (4) the need for compensation and deterrence. *Fogerty*, 510 U.S. at 534 n.19. The four "*Johnson* factors" considered by the district court in this case are: (1) the time and labor required to work on the case; (2) the attorney's customary fee; (3) the amount of damages involved and the results obtained; and (4) the experience, reputation, and ability of the attorneys. *Johnson*, 488 F.2d at 717-19.

Naghi.

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.